IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,990-01






EX PARTE JOHN CASSON KINCADE, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER C-2-007565-0937939-A IN THE CRIMINAL

DISTRICT COURT NUMBER TWO TARRANT COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to possession of a controlled substance, methamphetamine, and
the trial court sentenced him to confinement for three years. There was no direct appeal.

 In this application for a writ of habeas corpus, Applicant contends, inter alia, that his
due process rights were violated when the Texas Board of Pardons and Paroles did not
provide him notice of his review date for release to mandatory supervision, which he states
was subsequently denied. Thus, Applicant alleges that he is being held in violation of the
law.

 The trial court has not made findings of fact regarding this claim, and it is this Court's
opinion that additional information is needed before this Court can render a decision on this
ground for review. Because this Court cannot hear evidence, Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum. 

 The trial court shall resolve this issue as set out in Article 11.07, Section 3(d), of the
Texas Code of Criminal Procedure, in that it shall order the Parole Division of the Texas
Department of Criminal Justice to file an affidavit, with supporting documentation,
addressing Applicant's ground for relief. The trial court may also order depositions,
interrogatories, or hold a hearing. In the appropriate case, the trial court may also rely on its
personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make findings of
fact and conclusions of law regarding whether Applicant was given proper notice of his
review for release to mandatory supervision under the discretionary mandatory supervision
statute as required under this Court's decision in Ex parte Retzlaff, 135 S.W.3d 45 (Tex.
Crim. App. 2004). The trial court may make any further findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's application for
habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: February 15, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.